UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

BRIAN THIEL,  No. 2:10-cv-00645-MCE-DAD

    Plaintiff,

  v.  MEMORANDUM AND ORDER

GMAC MORTGAGE, LLC and DOES 1 through 100, inclusive,

    Defendants.

    Presently before the Court is Plaintiff's Ex Parte Application for Temporary Restraining Order and Preliminary Injunction ("Application") pursuant to Federal Rule of Civil Procedure 65(b).  Plaintiff Brian Thiel seeks to enjoin Defendant GMAC Mortgage, LLC from conducting a trustee sale of his home, which is currently scheduled for April 9, 2010.

    Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and Plaintiffs have the burden of proving the propriety of such a remedy by clear and convincing evidence.

1

See <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997); <u>Granny Goose Foods, Inc. v. Teamsters</u>, 415 U.S. 423, 442 (1974).  Certain prerequisites must be satisfied prior to issuance of a temporary restraining order ("TRO").  See <u>Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers</u>, 415 U.S. 423, 439 (1974) (stating that the purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer").  In general, the showing required for a temporary restraining order is the same as that required for a preliminary injunction.  <u>Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.</u>, 240 F.3d 832, 839 (9th Cir. 2001). Following the Supreme Court's decision in <u>Winter v. Natural Resources Defense Council</u>, 129 S. Ct. 365 (2008), the party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  <u>Stormans, Inc. v. Selecky,</u> 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting <u>Winter</u>, 129 S. Ct. at 374; <u>see also</u> <u>American Trucking Assocs. Inc. v. City of Los Angeles</u>, 559 F.3d 1046, 1052 ("To the extent that our cases have suggested a lesser standard [than that required for injunctive relief by <u>Winter</u>], they are no longer controlling, or even viable.").

///
///
///
///

2

1    The Court has reviewed Plaintiff's Ex Parte Application for
2 Temporary Restraining Order.  Plaintiff has failed to show the
3 requisite likelihood of success on the merits to warrant
4 equitable relief.  Furthermore, even if his success was certain,
5 enjoining foreclosure is an improper remedy.
6    According to Plaintiff, Defendant falsely represented that
7 the loan terms of Plaintiff's home mortgage would be modified if
8 he became delinquent on his payments.  Defendant then failed to
9 provide such modification when Plaintiff eventually defaulted.
10 In light of Defendant's failure to abide by their purported
11 agreement, Plaintiff believes he is entitled to injunctive relief
12 enjoining the scheduled foreclosure of his home.
13    However, Plaintiff has failed to set forth any information
14 supporting the existence of the agreement as alleged.  At best,
15 Plaintiff provides that his office manager, Jessica Silva, spoke
16 to a series of Defendant's representatives who informed her that
17 Plaintiff was *eligible* for a loan modification and that such
18 modification would not be granted unless Plaintiff was in default
19 for roughly three months.
20    This is hardly tantamount to a binding obligation upon which
21 this Court may provide the extraordinary relief requested.  Based
22 on the information provided, the Court is not persuaded that the
23 alleged discussion between parties was sufficient to alter the
24 written mortgage loan contract to which Plaintiff is currently
25 bound.  Even assuming that the conversation Plaintiff describes
26 amounts to a valid agreement, nowhere does Plaintiff evidence the
27 terms of that agreement or in what manner it extinguished the
28 right to foreclose held by Defendant.

The very purpose of a TRO is to preserve the status quo, which in this case is one in which Plaintiff's home was contracted as security interest for the loan Defendant provided. Thus, to enjoin Defendant from exercising its rights over said security interest, would not preserve, but would drastically alter, the status quo.

Moreover, an order enjoining foreclosure is simply not a proper remedy for Plaintiff's claims. Plaintiff only directly attacks the foreclosure proceedings by way of his argument that Defendant had agreed to modify the loan. Plaintiff, however, has not challenged the validity of the loan document itself. As it stands, Plaintiff may still pursue payment on his mortgage as an adequate remedy at law. Plaintiff has submitted no evidence or authority supporting the proposition that a proper remedy for failure to modify a valid loan instrument is to allow Plaintiff to continue to possess a home on which he has defaulted.

For the reasons stated above, Plaintiff's Application for Temporary Restraining Order is DENIED.

IT IS SO ORDERED.

Dated: April 5, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE