UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRIAN THIEL,                              No. 2:10-cv-00645-MCE-DAD

      Plaintiff,

  v.                                      MEMORANDUM AND ORDER

GMAC MORTGAGE, LLC and DOES 1
through 100, inclusive,

      Defendants.

----oo0oo----

Presently before the Court is a Motion by Defendant GMAC Mortgage, LLC ("Defendant") to dismiss the claims alleged against it in the Complaint of Plaintiff Brian Thiel ("Plaintiff") for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  For the reasons set forth below, Defendant's Motion is granted.

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

1

**BACKGROUND**[2]

In December 2008, Plaintiff contacted Defendant to request a refinance of his mortgage loan. Plaintiff was told that the value of the property did not allow for refinance but that a modification of the loan could be considered. In January 2009, Defendant notified Plaintiff that modification of the loan would not be considered while he was current on his payments, but rather "a modification to his loan would only be made if he was delinquent in his payments." Based on this information, Plaintiff then purposefully withheld payments on his loan although, to his own admission, he had the money to make payment. When Plaintiff later contacted Defendant in order to modify his loan, he was told that modification could not be considered because he was behind on his payments and his income was too high.

Plaintiff thereafter filed suit. Plaintiff states that at all times he was able to pay but was knowingly misled into withholding payment. A Notice of Default was subsequently filed and a foreclosure sale scheduled on April 9, 2010.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.

---

[2] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified.

2

1  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir.
2  1996).  Rule 8(a)(2) requires only "a short and plain statement
3  of the claim showing that the pleader is entitled to relief" in
4  order to "give the defendant fair notice of what the...claim is
5  and the grounds upon which it rests."  Bell Atl. Corp. v.
6  Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,
7  355 U.S. 41, 47 (1957)).  While a complaint attacked by a Rule
8  12(b)(6) motion to dismiss does not need detailed factual
9  allegations, a plaintiff's obligation to provide the "grounds" of
10 his "entitlement to relief" requires more than labels and
11 conclusions, and a formulaic recitation of the elements of a
12 cause of action will not do.  Id. at 1964-65 (internal citations
13 and quotations omitted).  Factual allegations must be enough to
14 raise a right to relief above the speculative level.  Id. at 1965
15 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure
16 § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain
17 something more...than...a statement of facts that merely creates
18 a suspicion [of] a legally cognizable right of action")).  A
19 court is not required to accept as true a legal conclusion
20 couched as a factual allegation. Ashcroft v. Iqbal, 129 S. Ct.
21 1937, 1949 (2009).

22     A court granting a motion to dismiss a complaint must then
23 decide whether to grant leave to amend.  A court should "freely
24 give" leave to amend when there is no "undue delay, bad faith[,]
25 dilatory motive on the part of the movant,...undue prejudice to
26 the opposing party by virtue of...the amendment, [or] futility of
27 the amendment...."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371
28 U.S. 178, 182 (1962).

Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment. <u>DeSoto v. Yellow Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992).

## ANALYSIS

The gravemen of Plaintiff's Complaint is that Defendant had indicated Plaintiff's loan would be modified if Plaintiff was delinquent on payments.  However, Plaintiff has failed to set forth any information supporting the existence of a binding obligation in which Defendant was required to provide such modification or incur liability for failure to do so.

Plaintiff's Complaint at no point alleges that an oral contract was executed or that the conversations alleged amounted to a legally cognizable modification to the written agreement entered into by parties.  Despite Plaintiff's attempt in his Opposition to couch Defendant's words as guaranteeing that "modification '...would...be...made...'" (Pl.'s Opp'n 3:9.), Plaintiff's Complaint acknowledges that Plaintiff was "informed that he must be behind in his payments before a loan modification would be *considered*."  (Pl.'s Compl. ¶ 15.) (emphasis added).

Defendant's advice on what might trigger *consideration* is hardly ground on which Defendant may incur liability on the myriad of causes of action alleged.  Regardless of Plaintiff's implication that an agreement existed, "[a] court is not required to accept as true a legal conclusion couched as a factual allegation." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).

4

Plaintiff's Complaint has failed to allege facts sufficient to support a claim upon which relief may be granted.

**CONCLUSION**

Accordingly, Defendant's Motion to Dismiss (Docket No. 6) is hereby GRANTED with leave to amend.

Plaintiff may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically.  If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiff's claims will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: May 11, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE