1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   EASTERN DISTRICT OF CALIFORNIA
10
11  BRIAN THIEL,                      No. 2:10-cv-00645-MCE-DAD
12           Plaintiff,
13      v.                            MEMORANDUM AND ORDER
14  GMAC MORTGAGE, LLC and DOES
    1 through 100, inclusive
15
             Defendant.
16
17                          ----oo0oo----
18
19      Presently before the Court is a Motion by Defendant GMAC
20  Mortage, LLC ("Defendant") to Dismiss the claims alleged against
21  it in the First Amended Complaint of Plaintiff Brian Thiel
22  ("Plaintiff") for failure to state a claim upon which relief may
23  be granted pursuant to Federal Rule of Civil Procedure Rule of
24  12(b)(6)[1].  For the reasons set forth below, Defendant's Motion
25  is granted in part and denied in part.
26  ─────────────
27     [1] Because oral argument will not be of material assistance,
    the Court orders this matter submitted on the briefs.  E.D. Cal.
28  Local Rule 230(g).

                                  1

**BACKGROUND[2]**

In December 2008, Plaintiff contacted Defendant to request a refinance of his mortgage loan.  Plaintiff was told that the value of the property did not allow for refinance but a modification of the loan would achieve the same result.  In January 2009, Defendant allegedly notified Plaintiff that modification of the loan would not be considered while he was current on his payment, but rather a modification would be granted once Plaintiff was in default on his mortgage loan.

Based on Defendant's statement, Plaintiff purposefully withheld payments on his loan although, to his own admission, he had the money to make payments.  In May 2009, Defendant informed Plaintiff that his loan would not be modified because he was behind on his payments and his monthly income was too high. After subsequent attempts to modify his loan proved futile, Plaintiff filed suit.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).

---

[2] The factual assertions in this section are based on the allegations in Plaintiff's First Amended Complaint unless otherwise specified

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests". Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 78 S. Ct. 99, 103 (1957)).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Id. at 1964-65 (internal citations omitted).  Factual allegations must be enough to raise a right to relief above the speculative level.  Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

"Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests".  Twombly, 550 U.S. at 556 n.3.  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face".  Id. at 570.  If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed".  Id.
///

Nevertheless, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556.

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. A court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...". Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**A.   Promissory Estoppel**

Under California Law, a cause of action for promissory estoppel requires that plaintiff show "(1) a clear promise, (2) reliance, (3) substantial detriment, and (4) damages." Toscano v. Green Music, 124 Cal. App. 4th 685, 692 (2004). Under this doctrine, "a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."
///

1  <u>Kajima/Ray Wilson v. Los Angeles County Metropolitan
2  Transcription Authority</u>, 23 Cal. 4th 305, 310 (2000) (quoting
3  Restatement (Second) of Contracts, § 90(1) (1981)).  The purpose
4  of Promissory Estoppel, under certain circumstances, is to make
5  promises binding although consideration is lacking.  <u>Youngman v.
6  Nevada Irrigation District</u>, 70 Cal. 2d 240, 249 (1969).  The
7  doctrine relies on equitable principles to satisfy the
8  requirement that consideration must be given to enforce a
9  promise.  <u>Id.</u>  Where the promissee's reliance was bargained for,
10 promissory estoppel is inapplicable and the law of consideration
11 applies.  <u>Walker v. KFC Corp.</u>, 728 F.2d 1215, 1218-1219 (9th Cir.
12 1984); <u>Healy v. Brewster</u>, 59 Cal. 2d 455, 463 (1963).
13      In alleging a claim for promissory estoppel, Plaintiff
14 states that there was an "agreement to modify the terms of the
15 loan if plaintiff fell behind in his monthly payments."  (Pl.'s
16 Compl. ¶ 13.)  Plaintiff performed pursuant to the alleged
17 agreement by withholding his loan payments.  In exchange for this
18 performance, according to Plaintiff, Defendant promised to grant
19 Plaintiff a modification of his loan.  Thus, Plaintiff's
20 withholding of payments, rather than evidencing detrimental
21 reliance, served as "bargained for" performance pursuant to the
22 alleged agreement.  The doctrine of promissory estoppel is
23 therefore inapplicable.  Accordingly, Defendant's Motion to
24 Dismiss Plaintiff's promissory estoppel claim is granted.
25 ///
26 ///
27 ///
28 ///

5

**B.   Fraud**

Plaintiff's Second Cause of Action is for fraud. Plaintiff alleges that Defendant falsely represented that Plaintiff would be granted a loan modification if he became delinquent on his loan. Additionally, Plaintiff alleges that at the time this misrepresentation was made Defendant knew it was false, or made the misrepresentation with reckless disregard for its truth.

In California the required elements of fraud are "a) misrepresentation; b) knowledge of falsity; c) intent to defraud, i.e., to induce reliance; d) justifiable reliance; and e) resulting damage." In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008) (citation omitted). A claim for fraud requires a heightened pleading standard in which the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Statements of the time, place and nature of the alleged fraudulent activities are sufficient, Id. at 735, provided the plaintiff sets forth "what is false or misleading about a statement and why it is false." In re GlenFed, Inc., Securities Litigation, 42 F.3d 1541, 1548 (9th Cir. 1994).

///
///
///
///

1   Here, Plaintiff alleges that his representative, Jessica
2 Silva, had a telephone conversation with an unnamed employee of
3 Defendant on or around January 28, 2009.  During this
4 conversation, the employee allegedly misrepresented to Ms. Silva
5 that Plaintiff would receive a loan modification if he became
6 delinquent on his mortgage loan.  (Pl.'s Compl. ¶ 11.)  Plaintiff
7 further claims Ms. Silva spoke to Defendant's employee Tina
8 Williams on Febraury 1, 2009, and with employee Heather, I.D.
9 number 11293, on February 17, 2009.  According to Plaintiff, both
10 employees confirmed the prior agreement to grant Plaintiff a loan
11 modification if he withheld payments on his loan.  (Pl.'s Compl.
12 ¶ 14.)  Plaintiff claims he withheld payments as directed, but
13 Defendant refused to modify the loan.  (Pl.'s Compl. ¶¶ 12, 19.)
14   These allegations are sufficient to give Defendant notice of
15 the particular misconduct which is alleged to constitute fraud.
16 Plaintiff has provided statements of time, place, and nature of
17 the alleged fraudulent activities.  Plaintiff has therefore met
18 his pleading burden.  Thus, Defendant's Motion to Dismiss
19 Plaintiff's fraud claim is denied.

21   **C.   Breach of Covenant of Good Faith and Fair Dealing**

23   The implied covenant of good faith and fair dealing rests
24 upon the existence of some specific contractual obligation.
25 <u>Foley v. Interactive Data Corp.</u>, 7 Cal. 3d 654, 683-684, (1988).
26 Under California law, recovery for breach of the covenant "is
27 available only in limited circumstances, generally involving a
28 special relationship between the contracting parties."

Bionghi v. Metro. Water Dist., 70 Cal. App. 4th 1358, 1370 (1999).  California courts have rejected the argument that the doctrine, which traditionally extends only to unique fiduciary like relationships, should encompass normal commercial banking transactions.  Mitsui Mfrs. Bank v. Superior Court, 212 Cal. App. 3d 726, 729 (1989).

Plaintiff alleges that Defendant breached the covenant of good faith and fair dealing by "[f]ailing to pay at least as much in regards to Plaintiff's interests as to [Defendant's] interests," and "[f]ailing to disclose to Plaintiff the truth about any possible loan modification."

Regardless whether these allegations are valid, redress is not available under the good faith doctrine.  There is not a "unique fiduciary relationship" between the parties such that application of the doctrine is warranted.  Instead, the alleged breach arises out of a normal commercial transaction, a mortgage loan modification, and the California courts have declined to extend the doctrine to such transactions.  Defendant's Motion to Dismiss Plaintiff's third claim for breach of the covenant of good faith and fair dealing is granted.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss (ECF No. 21) is hereby GRANTED with leave to amend as to Plaintiff's First and Third Causes of Action.  Defendant's Motion to Dismiss Plaintiff's Second Cause of Action is DENIED.

///

Plaintiff may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically.  If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiff's First and Third Causes of Action will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: September 2, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE