UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRIAN THIEL,                                    No. 2:10-cv-00645-MCE-DAD

      Plaintiff,

  v.                                           MEMORANDUM AND ORDER

GMAC MORTGAGE, LLC and DOES 1
through 100, inclusive

      Defendants.

----oo0oo----

Presently before the Court is a Motion by Defendant GMAC Mortage, LLC ("Defendant") to dismiss the claims alleged in Plaintiff Brian Thiel's ("Plaintiff") Second Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure Rule of 12(b)(6)[1]. For the reasons set forth below, Defendant's Motion is granted.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

**BACKGROUND[2]**

Plaintiff entered into a mortgage loan transaction to purchase his home in Pleasant Grove, California.  In December 2008, Plaintiff contacted Defendant to request a loan modification or mortgage refinance.  In January 2009, Plaintiff was notified by one of Defendant's telephone representatives that a loan modification would only be granted once Plaintiff was in default on his mortgage loan.

Based on Defendant's statement and subsequent phone conversations, Plaintiff purposefully withheld payments on his loan, although, on his own admission, he financially could have made the payments.  In May 2009, Defendant informed Plaintiff that his loan would not be modified because he was behind on his payments and his monthly income was too high.  After subsequent attempts to modify his loan proved futile, Plaintiff filed the instant suit.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).

---

[2] The factual assertions in this section are based on the allegations in Plaintiff's Second Amended Complaint unless otherwise specified

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). Though "a complaint attacked by a Rule 12(b)(6) motion" need not contain "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 2869 (1986)). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) ("[T]he pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Further, "Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing...grounds on which the claim rests." Twombly, 550 U.S. at 555 n.3 (internal citations omitted). A pleading must then contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.

///

Once the court grants a motion to dismiss, they must then decide whether to grant a plaintiff leave to amend. Rule 15(a) authorizes the court to freely grant leave to amend when there is no "undue delay, bad faith, or dilatory motive on the part of the movant." Foman v. Davis, 371 U.S. 178, 182 (1962). In fact, leave to amend is generally only denied when it is clear that the deficiencies of the complaint cannot possibly be cured by an amended version. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")(internal citations omitted).

**ANALYSIS**

**A.   Breach of Contract**

Plaintiff argues that some form of contract was formed by Defendant's phone representatives promising to issue a loan modification if he stopped making the payments and became in arrears. Plaintiff contends he reasonably relied on the promise, and but for their statements, would not be in danger of losing his home.

To prove a breach of contract claim, a plaintiff must show "the contract, his performance or excuse of nonperformance," defendant's breach, and the resulting damages. Otworth v. S. Pac. Transp. Co., 166 Cal. App. 3d 452, 458 (1985).

4

Nothing in Plaintiff's Second Amended Complaint suggests the parties had any sort of binding oral agreement based upon these telephone conversations. Even interpreting the facts in the light most favorable to Plaintiff, the facts do not demonstrate there was consideration, or anything, evidencing that Defendant's oral promise in some way constituted a binding and enforceable oral contract. Therefore, Defendant's Motion to Dismiss this cause of action is granted.

**B.   Fraud**

Plaintiff alleges that Defendant falsely represented that Plaintiff would be granted a loan modification if he became delinquent on his loan. Additionally, Plaintiff alleges that at the time the misrepresentation was made, Defendant knew it was false, or made the misrepresentation with reckless disregard for its truth. The Court previously denied Defendant's request to dismiss Plaintiff's fraud claim, because it was determined the facts had been sufficiently pled (See ECF No. 29). However, upon further review, Plaintiff's claim cannot stand.

Under California law, actual fraud is the commission of any of the following as a party to a contract, with the intent to deceive or induce the other party into the contract: (1) the suggestion of an untrue fact by someone who knows its not true; (2) the "positive assertion, in a manner not warranted by the information of the person making it," of something untrue when they know it's untrue; (3) suppressing a true fact; or
///

5

1  (4) a promise made with no intention of performing it, or any
2  "other act fitted to deceive."  CA Civ. Code § 1572.  In addition
3  to meeting Rule 8 requirements, complaints alleging fraud must
4  also meet the pleading requirements of Rule 9(b), which states
5  that fraud allegations must be stated "with particularity the
6  circumstances constituting fraud or mistake."

7  Allegations of fraud must be "specific enough to give
8  defendants notice of the particular misconduct which is alleged
9  to constitute the fraud charged so that they can defend against
10 the charge and not just deny that they have done anything wrong."
11 Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).
12 Statements of the time, place and nature of the alleged
13 fraudulent activities are sufficient, id. at 735, provided the
14 plaintiff sets forth "what is false or misleading about a
15 statement and why it is false."  In re GlenFed, Inc., Securities
16 Litigation, 42 F.3d 1541, 1548 (9th Cir. 1994).

17 Even assuming, arguendo, that Plaintiff's multiple telephone
18 conversations with Defendant's representatives constitute some
19 form of contract or created some contractual obligation,
20 Plaintiff is required to show here that Defendant intended to
21 deceive him when they told him to cease making his mortgage
22 payments.  Nothing in Plaintiff's Second Amended Complaint
23 suggests that Plaintiff actually knew, or subsequently learned,
24 that Defendant's statements were intended to defraud, or that the
25 representations made were in fact false, as required by the
26 statute.  In addition, no evidence is provided that suggests
27 Plaintiff's reliance on such statements is the SOLE reason for
28 his current predicament.

6

**CONCLUSION**

As a matter of law, and for the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 32) is GRANTED.  Plaintiff's claims will not be cured with further amendment, and therefore the case is dismissed with prejudice.  The Clerk is ordered to close the case.

IT IS SO ORDERED.

Dated: January 26, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE