UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRIAN THIEL,                              No. 2:10-cv-00645-MCE-DAD

      Plaintiff,

  v.                                      ORDER

GMAC MORTGAGE, LLC and DOES 1
through 100, inclusive

      Defendants.

----oo0oo----

Presently before the Court is a Motion by Plaintiff Brian Thiel ("Plaintiff") to Amend Judgment pursuant to Federal Rule of Civil Procedure Rule[1] 59(e), or in the alternative a Motion for Relief From Judgment pursuant to Rule 60(b)[2]. Defendant GMAC Mortgage, LLC ("Defendant") opposes.

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

At issue are the Court's previous orders regarding the dismissal of Plaintiff's claims. On September 3, 2010, the Court granted Defendant's Motion to Dismiss Plaintiff's First Amended Complaint except as to Plaintiff's cause of action for fraud, which the court allowed to stand (ECF No. 29). On September 22, 2010, Plaintiff filed a Second Amended Complaint, which asserted a cause of action for breach of contract and included the previous fraud cause of action (ECF No. 30). Defendant moved to dismiss the Second Amended Complaint (ECF No. 32), and on January 27, 2011, the Court granted Defendant's Motion to Dismiss in its entirety with prejudice (ECF No. 37). Specifically addressing the discrepancy regarding the fraud cause of action, the Court explained that while it had previously denied Defendant's request to dismiss the fraud claim, upon further review, Plaintiff's claim was factually void of a cognizable right of action, and no evidence was provided to the Court that properly met the legal standard to sustain a claim. Plaintiff was not given leave to amend.

Plaintiff now moves for a judgment overturning the Court's recent decision. Plaintiff's motion pursuant to Rule 59(e) is not timely, and therefore will be treated as a Motion under Rule 60(b).[3] See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp., 248 F.3d 892, 899 (9th Cir. 2001).

///
///

---

[3] A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment. Rule 59(e). Plaintiff's Motion was filed 32 days after the Court's order.

2

Under Rule 60(b)(1), the moving party is entitled to relief from judgment under a few enumerated circumstances, most applicable here for "mistake, inadvertence, surprise, or excusable neglect."[4]  Specifically, Plaintiff contends that it was "unfair" to Plaintiff that the cause of action for fraud was dismissed without leave to amend from the Second Amended Complaint, after the Court had previously denied Defendant's Motion to Dismiss the fraud cause of action from Plaintiff's First Amended Complaint. See Plaintiff's Mot. at 3.

The Court rejects Plaintiff's "shock" that the Court could revisit its responses to a previous complaint, particularly since an amended complaint obliterates the existence of any previous complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997) (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).  Since each amended complaint stands on its own, each cause of action is newly examined by the Court.[5]

Further, the Court is authorized to revisit any previous order, and amend or edit it accordingly.  Rule 54(b) explains that any order that "adjudicates fewer than all the claims or the rights and liabilities" of the parties "may be revised at any time before the entry of a judgment adjudicating all the claims."

---

[4] The other factors are not present, which include newly discovered evidence, fraud, a void judgment, or other reason justifying relief. See Rule 60(b).

[5] The Court similarly rejects Plaintiff's contention that had he known "that the door was still open for Defendant to raise the fraud issue again," he would have acted differently. (Plaintiff's Mot. at 4.)  As Defendant rightly explained in their motion, an attorney's ignorance of the law or carelessness does not constitute entitlement to relief under the law. See Engleson v. Burlington N. R. Co., 972 F.2d 1038, 1043-44 (9th Cir. 1992).

Therefore, pursuant to Rule 54(b), the Court had ample discretion to revisit and correct its previous order.

Plaintiff had two opportunities to amend his complaint, present his arguments, and attempt to sustain a claim upon which relief could be granted. Plaintiff failed to do so, and therefore, the Motion to Alter or Amend the Judgment (ECF No. 39) is DENIED.

IT IS SO ORDERED.

Dated: April 6, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE